# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ESSIE MCDANIEL, ) | Case No. 2:13-cv-02353-JAD-CWH |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ERIC SHINSEKI, Secretary ) | |
| Department of Veteran Affairs, ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff Essie McDaniel's Second Motion/Application to Proceed *In Forma Pauperis* (#3), filed January 14, 2014. Plaintiff has requested authority to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Application was referred to the undersigned pursuant to Local Rule IB 1-9.

On January 2, 2013, Plaintiff's original application was denied without prejudice for failure to fill out the application to proceed *in forma pauperis* in its entirety. Plaintiff was instructed to submit a completed application by a date certain or pay the filing fee. On January 14, 2014, Plaintiff filed a renewed application to proceed *in forma pauperis*. Normally, a filing fee of $400.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Plaintiff submitted the affidavit required by § 1915(a) to show an inability to prepay fees and costs or give security for them. Plaintiff reports a monthly annuity of $1003.00 and monthly social security payment of $972.00 as income. Plaintiff also indicates that his spouse receives $1201.00 per month in disability payments. Plaintiff lists a limited amount of funds in his checking account and indicates that he owns two vehicles. Plaintiff does not identify any debts, obligations, or monthly expenses. Based on the information provided, the Court finds that Plaintiff's income is sufficient to pay the filing fee in this case. *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008)

(finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year); *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week); *Rucker v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal. June 17, 2003) (sufficient showing of indigency where plaintiff received $748.42 per month, and that amount was exceeded by his outstanding monthly expenses and debt)).

Given that Plaintiff has failed to identify any significant expenses, the Court is left to conclude that Plaintiff's income and other assets exceed his expenses.  Accordingly, the Court finds that Plaintiff has not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and is able to pay the costs of commencing this action.  Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#3) be **DENIED**.  Plaintiff should be required to pay the filing fee of $400.00 within thirty days from the date that an Order denying Plaintiff's Application is entered.  Failure to comply with that Order will result in a recommendation that this action be dismissed.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

1  writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held
2  that the courts of appeal may determine that an appeal has been waived due to the failure to file
3  objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also
4  held that (1) failure to file objections within the specified time and (2) failure to properly address and
5  brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual
6  issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*
7  *v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). ref.

Dated: January 16, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge